10-0798-cv (L)
*George v. Reisdorf Bros., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand eleven.

PRESENT:  ROBERT D. SACK,
          DEBRA ANN LIVINGSTON,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

---

PATRICK GEORGE, LINDA GEORGE,
          *Plaintiffs-Appellants-Cross-Appellees,*

-v.-                                No. 10-0798-cv (L)
                                    No. 10-1208-cv (XAP)

REISDORF BROTHERS, INCORPORATED,
          *Defendant-Appellee-Cross-Appellant.*

---

                    CHERYL SMITH FISHER, Magavern, Magavern & Grimm, LLP,
                    Buffalo, NY (James L. Magavern, *on the brief*), *for Plaintiffs-Appellants-Cross-Appellees.*

                    JAMES M. WUJCIK, Dadd, Nelson & Wilkinson, Attica, NY (Eric
                    T. Dadd, *on the brief*), *for Defendant-Appellee-Cross-Appellant.*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants-Cross-Appellees Patrick George and Linda George appeal from a decision and order of the United States District Court for the Western District of New York (McCarthy, *M.J.*),[1] entered February 11, 2010, granting the Defendant-Appellee-Cross-Appellant Reisdorf Brothers, Incorporated's motion for summary judgment on the plaintiffs' federal claims and refusing to exercise supplemental jurisdiction over the plaintiffs' state law claims, dismissing them without prejudice to their renewal in state court. The defendant appeals from the district court's consideration of certain evidence submitted by the plaintiffs in opposing the defendant's motion for summary judgment and from the lower court's decision not to award it attorney fees as the prevailing party under 42 U.S.C. § 6972(e). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1. Clean Water Act and Resource Conservation and Recovery Act Claims

We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the nonmoving party. *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009). Summary judgment is appropriate only when there is a showing by the moving party "that there is no genuine issue as to any material fact and that the moving party is entitled to . . . judgment as a matter of law." *Id.* (alteration in original) (quoting *Scholastic, Inc. v. Harris*, 259 F.3d 73, 81 (2d Cir. 2001)). As we have noted "[t]he mere existence of a scintilla of

---

[1] The parties consented to the exercise of jurisdiction by a magistrate judge, pursuant to 28 U.S.C. § 636(c).

evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could *reasonably* find for the [nonmoving party]." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (first alteration and emphasis in original) (internal quotation marks omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). As a result, to defeat summary judgment once the moving party has carried its burden, the nonmoving party must do more than simply "rely on conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation mark omitted) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)).

The plaintiffs argue first that the district court erred in granting the defendant summary judgment on the plaintiffs' claims under the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1387, asserting that they in fact raised a triable issue of fact as to whether the defendant was discharging pollutants on an ongoing or intermittent basis into the waters of the United States.[2] The CWA

---

[2] The plaintiffs also assert that they raised a question of material fact as to whether the defendant made "storm water discharges associated with industrial activity" without a permit, which they argue violates the CWA irrespective of whether any other alleged pollutant is thereby discharged. The complaint in this case claimed only that the defendant had violated the CWA through its alleged discharge of several pollutants, not including storm water, into the ground water and a neighboring creek, and the district court did not consider the plaintiffs' newly raised claim based on the defendant's alleged storm water discharges in its opinion granting summary judgment. The district court's refusal to consider this claim, raised for the first time in the plaintiffs' papers opposing the defendant's motion for summary judgment, was not an abuse of discretion. *See Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (refusing to reach the merits of a claim raised in the plaintiffs' opposition to summary judgment). While the plaintiffs question the need to supplement their complaint to bring this claim, we have reviewed the complaint in this case and find that it was insufficient to put the defendant on notice of the plaintiffs' CWA claim with respect to storm water discharges alone. *See id.* (noting that the "central purpose of a complaint is to provide the defendant with notice of the claims asserted against it"). While they offered at oral argument before the district court to file a supplemental complaint, they never did so, nor did they move to amend the previous complaint. *See id.* ("[A]

3

"formally prohibits the 'discharge of a pollutant' by 'any person' from any 'point source' to navigable waters except when authorized by a permit issued under the National Pollutant Discharge Elimination System ('NPDES')." *Cordiano*, 575 F.3d at 215 (internal quotation marks omitted) (quoting *Waterkeeper Alliance, Inc. v. EPA*, 399 F.3d 486, 491 (2d Cir. 2005)). It is undisputed that the defendant does not have the required permit in this case. The Supreme Court has further said that a plaintiff bringing a citizen suit under the CWA must "allege a state of either continuous or intermittent violation — that is, a reasonable likelihood that a past polluter will continue to pollute in the future." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 57 (1987).

While the plaintiffs assert that the district court failed to consider the entirety of their evidence in granting summary judgment to the defendant, we conclude that the magistrate judge correctly ruled that the plaintiffs failed to raise a question of material fact with respect to their CWA claim. While the CWA requires a continuous or at least intermittent violation for liability under the Act, the plaintiffs' evidence in this case either involved a single, discrete incident in which a spill occurred, resulting in the discharge of an alleged pollutant, or was too speculative to raise a question of fact at the summary judgment stage.

First, the consent orders highlighted by the plaintiffs provide no evidence of a continuing or intermittent discharge of pollutants. Instead, it is clear from the face of the two orders that, to the extent they serve as evidence of the discharge of any pollutant, they refer to a discrete incident that occurred on March 25, 2009, in which a particular chemical was discharged from the Reisdorf

district court does not abuse its discretion when it fails to grant leave to amend a complaint without being asked to do so."). Under these circumstances, we need not consider the plaintiffs' untimely raised claim.

property in what the orders themselves term a "catastrophic tank failure." A past violation of this type cannot serve as the basis for a citizen suit under the CWA, *Gwaltney*, 484 U.S. at 57, and the plaintiffs provide no further evidence of any sort of ongoing discharge of the chemical involved in the March 2009 spill.[3]

The plaintiffs further assert that the testimony of plaintiff Linda George regarding the presence of spilled fertilizer and pesticide on the Reisdorf property and of fertilizer allegedly stored in containers with no lids — when considered in conjunction with a report submitted by the plaintiff's expert Thomas Casey regarding the pattern of water flow on the Reisdorf property and, specifically, his suggestion that leached fertilizer or septic system effluent could account for high nitrate levels in the nearby well — create a question of material fact as to whether fertilizer and pesticide are thereby discharged into navigable waters through a point source.[4] This hypothesized chain of events, offered in the absence of any evidence of pesticides or fertilizer actually in the creek at issue, is wholly speculative and, even at the summary judgment stage, it cannot create a question of material fact as to whether Reisdorf had in fact discharged pollutants in the hypothesized fashion.

---

[3] Because we conclude that the consent orders, considered on their own or in conjunction with all the other evidence proffered by the plaintiffs, are insufficient to give rise to a question of material fact as to whether Reisdorf was involved in an ongoing or intermittent violation of the CWA, we need not address the plaintiffs' argument that the district court erred in asserting that the consent orders "rendered moot" any claim brought under the CWA's citizen-suit provision related to them. *George v. Reisdorf Bros., Inc.*, 696 F. Supp. 2d 333, 340 (W.D.N.Y. 2010).

[4] The defendant objects on appeal to the district court's consideration of Casey's report, arguing that, despite the court's conclusion that it had failed to move to strike this report, the defendant had in fact made clear its objection to the report's admissibility at oral argument on the parties' summary judgment motions. Because we conclude that summary judgment was properly granted to the defendant even considering the disputed report, we assume without deciding that the district court correctly concluded that the defendant waived its objection on this point.

Finally, the plaintiffs argue that the evidence related to the alleged discharge of molasses raises a triable issue of fact as to whether that constituted the continuing or intermittent discharge of a pollutant in violation of the CWA.[5]  While the district court expressed doubt as to whether molasses in fact constituted a pollutant under the CWA, the plaintiffs assert that they maintained before the lower court that molasses falls within the CWA's pollutant definition as "industrial . . . waste discharged into water," 33 U.S.C. § 1362(6), and they continue to argue this interpretation of the CWA's definition here.  We need not resolve the dispute, as we agree with the district court that the evidence presented in this case — primarily, testimony by Richard Reisdorf, president of Reisdorf Brothers, Inc., that a picture shown to him depicts molasses on the surface of a body of water and that another picture depicts molasses "going into the creek" — does not raise a triable question of material fact as to whether the defendant is continuously or intermittently discharging molasses into navigable waters. While the district court erred in rejecting the inference raised by Richard Reisdorf's testimony that one of the photos did in fact depict molasses entering the stream, the plaintiffs here ask us to conclude that they have raised a triable question of material fact on the basis solely of two pictures that could be found to show molasses in or entering a creek, Linda George's conclusory testimony that molasses is "going into our water system," and testimony that

---

[5] The plaintiffs fail to make any argument disputing the district court's conclusions that an admitted discharge of oil by the defendant that occurred several years prior to the instant litigation was a wholly past violation that could not give rise to a citizen suit under the CWA and that the presence of a hose discharging water from a pit on the defendant's property was too speculative a basis to conclude that a pollutant had thereby been discharged into waters of the United States.  As a result, any appeal on those issues is waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

at least at one time Reisdorf used molasses to keep down dust in its parking lot. No reasonable jury could find this evidence sufficient to conclude that Reisdorf was continuously or even intermittently discharging molasses into the creek either directly from the ground on which it was spread, *see Concerned Area Residents for Env't v. Southview Farm*, 34 F.3d 114, 119 (2d Cir. 1994), or through surface runoff that had been channeled in some fashion, *see Cordiano*, 575 F.3d at 221. As a result, the district court appropriately granted summary judgment to the defendants on the plaintiffs' CWA claim.

With respect to the plaintiffs' claim under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901-6992k, RCRA provides that "[u]pon promulgation of criteria under section 6907(a)(3) of this title, any solid waste management practice or disposal of solid waste or hazardous waste which constitutes the open dumping of solid waste or hazardous waste is prohibited." 42 U.S.C. § 6945(a). The prohibition on open dumping is enforceable through RCRA's provision authorizing citizen suits against any party "alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter." *Id.* § 6972(a)(1)(A). Under the statute, an "open dump" is defined as "any facility or site where solid waste is disposed of which is not a sanitary landfill which meets the criteria promulgated under section 6944 of this title and which is not a facility for disposal of hazardous waste." *Id.* § 6903(14).

As we have noted in the past, "both the statutory prohibition on open dumps and dumping (§ 6945(a)) and the statutory definition (§ 6903(14)) define 'open dump' by reference to regulatory criteria promulgated by the [EPA]." *South Road Assocs. v. IBM Corp.*, 216 F.3d 251, 256 (2d Cir.

7

2000).  We explained that:

> Promulgated on the authority of 42 U.S.C. §§ 6907(a)(3) and 6944(a), 40 C.F.R. pt. 257 lists criteria for determining what is, and what is not, an open dump. Facilities and practices that fail to fulfill the criteria delineated in §§ 257.1 through 257.4 are considered (respectively) open dumps and open dumping. *See* 40 C.F.R. § 257.1(a)(1)-(2). Facilities that satisfy those criteria are considered sanitary landfills. *See* 42 U.S.C. § 6944(a).

*Id.*  It is thus perplexing that in this case neither party makes any citation to the relevant federal regulations, which themselves define an "open dump" by reference to a facility's compliance with the criteria laid out in 40 C.F.R. pt. 257.  *See* 40 C.F.R. § 257.2.  In this case, the plaintiffs have failed even to allege a violation of the relevant regulations, much less provided any evidence of any such violation.  As a result, the grant of summary judgment to the defendant on the RCRA claim is appropriate.  *Cf. Cordiano*, 575 F.3d at 205 n.1 (finding "open dumping" claim waived when plaintiff failed to reference federal regulations on open dumping).

2. State Law Claims

The plaintiffs also appeal from the district court's refusal to decide their summary judgment motion on their state law adverse possession claim.  We review a district court's decision declining to exercise supplemental jurisdiction for abuse of discretion.  *See N.Y. Mercantile Exch., Inc. v. Intercontinental Exch., Inc.*, 497 F.3d 109, 113 (2d Cir. 2007).  Here, the district court's decision not to exercise supplemental jurisdiction was well within its discretion.  As we have noted, "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."  *Id.* at 119 (quoting *Marcus v. AT&T Co.*, 138 F.3d 46, 57 (2d Cir. 1998)).  The plaintiffs fail even to argue that the magistrate judge's decision to follow this general rule was an abuse of discretion, and we perceive no such abuse in the dismissal of the plaintiffs' factually and legally distinct state

8

law adverse possession claim without prejudice to their renewing it in state court.

3. Attorney's Fees

Finally, the defendant appeals from the district court's decision not to award it fees as the prevailing party pursuant to 42 U.S.C. § 6972(e), which allows for awards "to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate." *Id.* We review such decisions for abuse of discretion. *See Dague v. City of Burlington*, 935 F.2d 1343, 1357 (2d Cir. 1991), *rev'd in part on other grounds*, 505 U.S. 557 (1992). As the Supreme Court has noted in interpreting § 6972(e), "[t]his language is similar to that of many other federal fee-shifting statutes; our case law construing what is a 'reasonable' fee applies uniformly to all of them." *City of Burlington*, 505 U.S. at 561-62 (internal citations omitted). Here, both parties agree that for the defendant to prevail on its claim for attorneys' fees, it must show that the plaintiffs' claim "was frivolous, unreasonable, or groundless, or that the plaintiff[s] continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

The district court in this case declined to award the defendant fees as the prevailing party, noting that it did not believe the plaintiffs' claims were totally baseless, even if ultimately unsuccessful at the summary judgment stage, and that the plaintiffs appeared to have litigated in good faith. We perceive no abuse of discretion in this decision. While we too conclude that the plaintiffs have failed to raise a triable issue of fact with respect to either of their federal claims, their claims of pollutant discharges had some arguable basis in fact and indeed had spurred previous complaints on the plaintiffs' part to the state environmental agencies. Under these circumstances, the district court's decision not to award fees to Reisdorf was not an abuse of discretion. *Cf. Panetta*

*v. Crowley*, 460 F.3d 388, 399 (2d Cir. 2006).

We have considered all of the appellants' and cross-appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk